IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| Michael and Earlene Seymour, | ) | Case No. 14-10172-NLJ |
| | ) | Chapter 13 |
| Debtors. | ) | |

**MOTION AND BRIEF OF GREEN TREE SERVICING, L.L.C. FOR ORDER GRANTING RELIEF FROM STAY AND DIRECTING ABANDONMENT, WAIVER OF BANKRUPTCY RULE 4001(a)(3) AND NOTICE OF OPPORTUNITY FOR HEARING**

Green Tree Servicing, L.L.C., as authorized servicer for The Bank of New York Mellon Company, N.A., as Trustee for GMACM Home Equity Loan Trust 2006-HE3, owner and holder of the account/contract originated by GMAC Mortgage Corporation ("Green Tree"), hereby moves this Court for an order abandoning certain property, more particularly described hereinafter, and granting relief from the automatic stay entered in this matter. In support of this Motion, Green Tree shows this Court the following:

1. Michael and Earlene Seymour ("Debtors") are the Debtors in the above-captioned case pending under Chapter 13 of the Bankruptcy Code.

2. Green Tree is a secured creditor of the Debtors. Green Tree holds a secured claim in the following described real property, to-wit:

Land situated in the STATE OF OKLAHOMA, COUNTY OF COTTON, CITY OF RANDLETT, and described as follows:

SITUATED IN THE COUNTY OF COTTON AND STATE OF OKLAHOMA: LOTS 6, 7, 8, 9, AND 10, IN BLOCK 61, IN THE TOWN OF RANDLETT, OKLAHOMA.

3. This Motion is filed pursuant to Bankruptcy Rules 4001 and 6007, this Court having jurisdiction over this matter pursuant to 28 U.S.C. §151 and 11 U.S.C. §362 and 11 U.S.C. §554.

4. Debtors have defaulted under the terms and conditions of the promissory note by failing to pay all amounts when due to Green Tree. As of the writing of this Motion, they are six months behind on their payments, with a total arrearage of $3,189.97.

5. The property described herein is burdensome to the Debtors' estate and the Court should order the trustee to abandon said property pursuant to 11 U.S.C. §554.

6. By virtue of the default, Green Tree, but for the automatic stay, is entitled to immediate possession of the property described herein so that it may enforce its rights pursuant to the mortgage, promissory note, security agreement and applicable law.

7. Debtors have no equity in said property.

8. Said property is not necessary to an effective reorganization of Debtors.

9. If Green Tree is not permitted to enforce its rights pursuant to the mortgage, promissory note, security agreement and applicable law, it will suffer irreparable injury, loss and damage. Therefore, this Court should lift the automatic stay to permit Green Tree to obtain immediate possession of said property and to enforce its rights pursuant to the mortgage, promissory note, security agreement and applicable law.

10. By virtue of the lack of equity in said property in favor of the Debtors, no other party-in-interest in this case holds an interest in said property.

11. Debtor is operating under a Chapter 13 Plan confirmed by this Court on April 4, 2014. This Plan provides for all monthly payments to Green Tree to be made direct and outside of the Plan. Therefore, the granting of this Motion will not require modification of the Plan. The

Trustee will need to be given authority to discontinue all payments to Green Tree and to distribute those payments among Debtors' other creditors.

12. Green Tree asks for authority from this Court to add its costs and fees associated with this Motion to the balance of Debtors' account with Green Tree.

13. Said property is in danger of depreciation in value. Therefore, pursuant to Local Rule 4001-1(B), Green Tree specifically requests that this Court waive the fourteen-day waiting period of Bankruptcy Rule 4001(a)(3) and include a provision making its Order Directing Abandonment and Granting Relief From Stay final upon its filing.

## NOTICE OF OPPORTUNITY FOR HEARING

**Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document.** If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response or objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102 no later than fourteen (14) days from the date of filing of this request for relief. You should also serve a file-stamped copy of your response or objection to the undersigned movant's attorney and the Trustee in this case and file a certificate of service with the Court. If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice. **The fourteen (14) day period includes the 3 days allowed for mailing provided for in Bankruptcy Rule 9006(f).**

WHEREFORE, Green Tree prays that this Court enter an order directing the trustee to abandon said property, more particularly described herein, as burdensome, pursuant to 11 U.S.C.

§554, and modifying the automatic stay, pursuant to 11 U.S.C. §362, to permit Green Tree to enforce its rights under the mortgage, promissory note, security agreement and applicable law.

                Respectfully submitted,

                /s/ Brent A. Austin
                Brent A. Austin, OBA # 14469
                METZER & AUSTIN, P.L.L.C.
                1 South Broadway, Suite 100
                Edmond, OK  73034
                (405) 330-2226; (405) 330-2234 (FAX)
                METZAUST@aol.com
                ATTORNEYS FOR GREEN TREE